UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-20915-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA
  Plaintiff,

vs.

WILFREDO ROBLES
  Defendant.
_____/



## REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION OF DEFENDANT'S SECOND MOTION FOR NEW TRIAL

**COMES NOW,** the defendant, WILFREDO ROBLES a.k.a. Willie (ROBLES), by and through the undersigned counsel pursuant to Rule 33 of the Federal Rules of Criminal Procedure and in Reply to the Government's Response in Opposition of Defendant's Second Motion for New Trial would assert as follows:

1. The government does not contest the facts themselves raised by the defendant in his Second Motion for New Trial, but, rather, alleges that these facts could have been discovered and were known prior to trial. In pertinent part, the government focuses on the fact that Robles was aware of the defense that he was confused with Arias by the government agents who were listening to taped phone calls. However, Robles' point in his motion is that there is newly discovered evidence as to this issue which could not have been previously discovered: namely the testimony of a co-defendant who was a fugitive at the time of the trial, and the testimony of another co-defendant who did not come forward with information until after the trial.

2. Co-Defendant Gonzalez was wholly unavailable to the defendant prior to trial. His sworn affidavit stating that at no time did he or Mr. Robles ever engage in any drug transaction on September 30, 2006 as well as his statement corroborating Roble's

version could not have been discovered prior to trial because his whereabouts were unknown. Co-Defendant Sanz' statement attesting to Robles' innocence did not proceed from Sanz until after the trial and Sanz', a represented co-defendant, did not offer this information until after the trial. His information, however, is corroborated by the defendant's exhibits attached to his Second Motion for New Trial, indicating that Arias also had a restricted driver's license.

3. The government does not contest that the evidence would be material and would probably produce a different result if a new trial was granted. (Government's Response at 4-5). Instead, the government contends that the evidence was not discovered after trial, once again, focusing on the defense on misidentification with Arias instead of on the newly obtained affidavits of both co-defendants exonerating Robles. The government also claims that the evidence could have been obtained through due diligence prior to trial. However, Robles had no control over the information that Sanz volunteered after the trial. Sanz, could likely have had a change of heart after actually seeing that Robles was convicted. It is indisputable, and the government wholly fails to address, that Gonzalez was unavailable to Robles prior to trial. Finally, it is the government's contention that the evidence would have been impeaching or cumulative. However, Sanz and Gonzalez' statements would not have been cumulative because there were no other co-conspirators who were willing to testify to a jury and exonerate the defendant as having had nothing to do with the crime. Furthermore, the evidence was also not merely impeaching as the government contends, but, rather substantial and corroborated by physical evidence of Aria's license restriction.

## CONCLUSION

Based of the forgoing, it is respectfully prayed that this Honorable Court will enter an order granting a new trial in the above styled cause along with any other relief the Court deems appropriate and in the interests of justice.

        Respectfully submitted,

        MICHAEL WALSH
        46 NE 6TH STREET
        MIAMI, FLORIDA 33132
        (305)444-7700
        (305) 441-1423 FAX


BY:_____
        Michael Walsh
        FL Bar No.: 0172138

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand-delivered to the Office of the United States Attorney, Assistant United States Attorney Andrea G. Hoffman, 11200 N.W. 20th Street; Miami, FL 33172 this 5th day of October, 2006.

_____
Michael Walsh